Andrew S. MacKay, Cal. State Bar No. 191074
andrew@donahue.com
Eric A. Handler, Cal. State Bar No. 224637
ehandler@donahue.com
DONAHUE FITZGERALD LLP
1999 Harrison Street, Floor 25
Oakland, California  94612
Telephone: (510) 451-3300
Facsimile:  (510) 451-1527

Attorneys for Plaintiff
Thermospas Hot Tub Products, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| THERMOSPAS HOT TUB PRODUCTS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>HOT TUB PRODUCTS, LLC, a Connecticut limited liability company; HOT TUB DISCOUNTS, LLC, a Connecticut limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1.  Trademark Infringement<br>2.  False Designation of Origin and Unfair Competition<br><br><br>DEMAND FOR A JURY TRIAL |

-1-

Plaintiff Thermospas Hot Tub Products, Inc. ("**Thermospas**") states and alleges as follows for its complaint against defendants Hot Tub Products, LLC ("**HTP**"), Hot Tub Discounts, LLC ("**HTD**"), and Does 1 through 10, inclusive, (together, the "**Does**") all hereinafter referred to together as "**Defendants**."

## JURISDICTION AND VENUE

### Jurisdiction

1.      This case is a civil action arising under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.* (the "**Lanham Act**"). This Court has subject matter jurisdiction over Thermospas' claims pursuant to 15 U.S.C. § 1114, *et seq.* (trademark infringement/counterfeiting, false designation of origin, and unfair competition), 28 U.S.C. § 1331 (federal subject matter jurisdiction), and 28 U.S.C. § 1338(a) (trademark actions).

2.      Thermospas is informed and believes and thereon alleges that Defendants knew, or reasonably should have known, that Thermospas:  (a) is substantially located in California, and that Defendants directed and aimed their alleged unauthorized activities at Thermospas, which is substantially located in the Central District of California; and (b) would likely suffer the brunt of the harm caused by Defendants in California at Thermospas' place of business there. The acts and omissions of Defendants alleged herein caused Thermospas to bear the brunt of the harm in California at its place of business in San Bernardino, San Bernardino County, California within this District.

### Venue

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

## GENERAL ALLEGATIONS

### The Parties

4.      Thermospas is a Delaware corporation that maintains its books and records and is substantially located in San Bernardino, San Bernardino County, California.

5.      Thermospas is informed and believes, and based thereon alleges, that at all relevant times HTP has been and is a limited liability company doing business across the entire

1    United States, including without limitation in the Central District of California.

2         6.    Thermospas is informed and believes, and based thereon alleges, that at all

3    relevant times HTD has been and is a limited liability company doing business across the entire

4    United States, including without limitation in the Central District of California.

5         7.    Thermospas is informed and believes, and based thereon alleges, that each of the

6    Does is an entity or individual subject to the Court's jurisdiction. The true names and capacities,

7    whether individual, corporate, associate, or otherwise, of the Does are unknown to Thermospas,

8    who therefore sues the Does, and each of them, by such fictitious names, and Thermospas will

9    seek leave of the Court to amend this Complaint to allege such true names and capacities when

10   the same are ascertained.

11        8.    Thermospas is informed and believes, and based thereon alleges, that each of the

12   Defendants was the agent, employee, and/or alter-ego of each of the other remaining Defendants

13   and, at all times relevant herein, acted within the course and scope of such agency and/or

14   employment.

15        9.    Thermospas is in the business of, and has made and continues to make substantial

16   investments of time, effort, and expense in, manufacturing and distributing spas, hot tubs, and

17   chemicals for the treatment of spas and hot tubs (together, the "**Thermospas Products**").

18   Thermospas has gained a significant following and positive reputation for quality and reliability

19   respecting the Thermospas Products.

20        10.   In connection with its production, advertisement, and distribution of the

21   Thermospas Products, Thermospas owns and uses trademarks that are the subject of registrations

22   with the United States Patent and Trademark Office ("**USPTO**"), including without limitation the

23   THERMOSPAS trademark (the "**Mark**"). Attached hereto as **Exhibit A** is a copy of the

24   registration certificate obtained by Thermospas' predecessor-in-interest from the USPTO in

25   connection with the United States registration owned by Thermospas covering the Mark.

26        11.   Thermospas brings this litigation as a result of certain actions and omissions by

27   Defendants, including without limitation through advertisements disseminated over the internet,

28   through interstate mail, and via radio, involving Defendants':

(a)     Unauthorized use in commerce of the Mark, marks confusingly similar thereto, and/or reproductions, counterfeits, copies, or colorable imitations of the Mark; and

(d)     Creation among members of the general public of both a likelihood of and actual confusion, mistake, and/or deception as to Defendants' supposed affiliation, connection, and/or association with Thermospas and the purported origin, sponsorship, and/or approval by Thermospas of Defendants' distributed goods and activities.

12.     Defendants' acts and omissions alleged herein were and continue to be undertaken willfully, intentionally, and maliciously and have caused and continue to cause substantial damage to Thermospas.  As prayed for below, Thermospas respectfully requests that the Court enter an injunction against Defendants and award Thermospas damages, costs, and attorney's fees as allowed by statute.

## Thermospas' Trademarks

13.     At all relevant times, Thermospas has owned trademarks, including without limitation the Mark, that have been and are registered in accordance with the Lanham Act with the USPTO from which Thermospas has received Certificates of Registration (*see, e.g.,* Exhibit A hereto).

14.     Thermospas, via itself and its predecessors-in-interest, has continuously used the Mark from the date of registration thereof, or earlier, until the present and at all times relevant to the claims alleged herein. As a result of extensive use, advertising, and sales, together with longstanding consumer acceptance, the Mark identifies to consumers and the public that Thermospas is the source of origin for legitimate and authentic Thermospas Products. Throughout the United States and the world, the Mark has acquired secondary meaning in the minds of consumers who associate the Mark with Thermospas and its quality products. By virtue of Thermospas' widespread advertising and distribution of the Thermospas Products in connection with the Mark, together with consumer acceptance and recognition, the Mark identifies Thermospas and the Thermospas Products and distinguishes the same from, respectively, other entities and individuals and their products. The Mark has become, and is, an extremely valuable asset symbolizing Thermospas, its quality goods, and its goodwill.

15. Thermospas has never authorized Defendants to use the Mark, any mark confusingly similar thereto, or any reproduction, counterfeit, copy, or colorable imitation thereof, whether in connection with the advertising, sale, or distribution of any Thermospas Products or otherwise.

### The Business and Infringing Activities of Defendants

16. Thermospas is informed and believes, and based thereon alleges, that without Thermospas' authorization Defendants and/or their agents have:

(a) Used in commerce the Mark, marks confusingly similar thereto, and/or reproductions, counterfeits, copies, or colorable imitations thereof; and

(b) Created among the general public a likelihood of and/or actual confusion, mistake, and/or deception as to Defendants' supposed (but non-existent) affiliation, connection, and/or association with Thermospas and/or the purported (but also non-existent) origin, sponsorship, and/or approval by Thermospas of Defendants' distributed goods and activities.

17. Thermospas is informed and believes, and based thereon alleges, that at all relevant times an individual named Andy Tournas ("**Tournas**"): (a) has been and is a principal and managing agent of HTP and HTD; and (b) along with each of the Defendants, has had knowledge both of the existence of the Thermospas Products and of Thermospas' exclusive ownership rights in and to the Mark.

18. Tournas was a principal in a company named ICR Associates, Inc. ("**ICRA**"). ICRA acquired twelve used hot tubs from Thermospas' predecessor-in-interest (collectively, the "**Hot Tubs**"), and ICRA agreed and acknowledged that the Hot Tubs were used and did not have any associated warranty. Thermospas is informed and believes, and based thereon alleges, that notwithstanding ICRA's above-described agreement and acknowledgment, ICRA, along with HTP and HTD, have marketed the Hot Tubs as purportedly being new with warranties.

19. Thermospas is informed and believes, and based thereon alleges, that: (a) with Tournas' assistance and knowledge, HTP and HTD disseminated, via an email sent to at least several thousand recipients, copies of the advertisement attached hereto as **Exhibit B** (the "**Infringing Chemicals Ad**"); and (b) many of those recipients are actual or prospective

customers of Thermospas.

20.     The Infringing Chemicals Ad had a subject line of "ThermoSpas Chemicals at 30% to 50% off Every Day!" The Infringing Chemicals Ad falsely claimed to its recipients that "ThermoSpas chemicals have a brand new name and much better pricing," "Spa Ease Chemicals are the exact same product [as ThermoSpas' chemicals] at 30% to 50% less everyday!," and "ThermoSpas Chemicals have a new name SpaEase!"

21.     The content of the Infringing Chemicals Ad is false and misleading in that: (a) HTP and HTD do not sell Thermospas' chemicals; (b) Thermospas' chemicals do not have "a brand new name"; (c) "Spa Ease Chemicals" are not the exact same as Thermospas' chemicals; and (d) Thermospas' chemicals are not named "SpaEase."

22.     Thermospas is informed and believes, and based thereon alleges, that HTP and HTD have run radio advertisements advising the public that a Thermospas' showroom is supposedly located at a physical addressed used by HTP and HTD to conduct business.

23.     Thermospas is informed and believes, and based thereon alleges, that Defendants, with the knowledge and assistance of Tournas, have willfully, intentionally, and maliciously engaged in the acts and omissions alleged herein without regard to Thermospas' proprietary rights.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Against All Defendants)

24.     Thermospas re-alleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 23 above as though fully set forth below.

25.     Defendants' acts and omissions alleged herein constitute willful, intentional, and malicious infringement of the Mark in violation of Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a).

26.     Thermospas is informed and believes, and based thereon alleges, that Defendants' infringing acts and omissions alleged herein have caused and will continue to cause a likelihood of, and actual, confusion, mistake, and/or deception among consumers as to the source, quality, and/or nature of the products distributed by Defendants (collectively, "**Defendants' Products**").

27.     Thermospas is informed and believes, and based thereon alleges, that Defendants' unauthorized use of the Mark in connection with Defendants' Products competes directly with Thermospas' distribution of the Thermospas Products, diverts trade from Thermospas, and diminishes Thermospas' goodwill.

28.     Thermospas is informed and believes, and based thereon alleges, that Defendants' infringing acts and omissions alleged herein have led and are likely to continue to lead consumers to erroneously believe that Defendants' Products are being offered for distribution by Thermospas or with Thermospas' authorization.

29.     Thermospas is informed and believes, and based thereon alleges, that Defendants' use of the Mark on the Internet, in interstate mail, via the radio, and in marketing materials has caused and is likely to continue to cause confusion amongst consumers, threatens injury to Thermospas' business reputation and the goodwill associated with the Mark, and constitutes fraud on the public.

30.     Thermospas is informed and believes, and based thereon alleges, that Defendants' actions and omissions have created and will continue to create among members of the general public a likelihood of and/or actual confusion, mistake, and/or deception as to Defendants' purported affiliation, connection, and/or association with Thermospas and as to the purported origin, sponsorship, and/or approval by Thermospas of Defendants' Products.

31.     Thermospas is informed and believes, and based thereon alleges, that as a result of Defendants' willful, intentional, and malicious infringement of the Mark, Thermospas has suffered damage to its business reputation and goodwill, a diversion of trade, and a loss of profits, all in an amount not yet ascertained and for which Thermospas is entitled to recover damages pursuant to 15 U.S.C. § 1117. Thermospas asserts that given the willful, intentional, and malicious nature of Defendants' actions and omissions that this is an exception case within the meaning of 15 U.S.C. § 1117(a) such that an award of Thermospas' reasonable attorney fees is both requested and appropriate.

32.     Defendants' trademark infringement and counterfeiting, and the threat of continuing infringement and counterfeiting, have caused and will continue to cause Thermospas

1  repeated and irreparable injury. It would be difficult to ascertain the amount of money damages

2  that would afford Thermospas adequate relief at law for Defendants' continuing acts and

3  omissions and a multiplicity of judicial proceedings would be required. Thermospas' remedy at

4  law is not adequate to compensate Thermospas for the injuries already inflicted and further

5  threatened by Defendants. Therefore, Defendants should be restrained and enjoined as authorized

6  by the Lanham Act, 15 U.S.C. § 1116.

7       WHEREFORE, Thermospas seeks relief as set forth below.

8  **SECOND CLAIM FOR RELIEF**

9  **(False Designation Of Origin And False Descriptions Against All Defendants)**

10       33.    Thermospas re-alleges and incorporates herein by this reference each of the

11  allegations contained in Paragraphs 1 through 23 above as though fully set forth below.

12       34.    Defendants' acts and omissions alleged herein were undertaken willfully,

13  intentionally, and with malice and subject Defendants to liability under Section 43(a) of the

14  Lanham Act, 15 U.S.C. § 1125(a).

15       35.    Thermospas is informed and believes, and based thereon alleges, that Defendants,

16  in connection with Defendants' Products, have in interstate commerce: (i) used the Mark; (ii)

17  falsely designated the origin of Defendants' Products; (iii) made misleading descriptions of

18  fact concerning Defendants' Products; and/or (iv) made false or misleading representations of fact

19  concerning Defendants' Products.

20       36.    Thermospas is informed and believes, and based thereon alleges, that Defendants'

21  acts and omissions alleged herein have caused and are likely to continue to cause confusion, or to

22  cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with

23  Thermospas, or as to the origin, sponsorship, or approval of Defendants' Products.

24       37.    Thermospas is informed and believes, and based thereon alleges, that Defendants'

25  acts and omissions alleged herein have been done and continue to be done in connection with

26  commercial advertising or promotion and misrepresent the nature, characteristics, qualities,

27  and/or geographic origin of Defendants' Products and the Thermospas Products.

28       38.    Defendants' willful, intentional, and malicious acts and omissions alleged herein

1    constitute false designations of origin, false descriptions, false advertising, and unfair competition

2    with Thermospas, and as a result thereof Thermospas has suffered and will continue to suffer

3    damage to its business reputation and goodwill, a diversion of trade, and a loss of profits, all in an

4    amount not yet ascertained and for which Thermospas is entitled to recover damages pursuant to

5    15 U.S.C. § 1117. Thermospas asserts that given the willful, intentional, and malicious nature of

6    Defendants' actions and omissions that this is an exception case within the meaning of 15 U.S.C.

7    § 1117(a) such that an award of Thermospas' reasonable attorney fees is both requested and

8    appropriate.

9        39.    Defendants' false designations of origin, false descriptions, false advertising, and

10   unfair competition, and the threat of continuing false designations of origin, false descriptions,

11   false advertising, and unfair competition, have caused and will continue to cause Thermospas

12   repeated and irreparable injury. It would be difficult to ascertain the amount of money damages

13   that would afford Thermospas adequate relief at law for Defendants' continuing acts, and a

14   multiplicity of judicial proceedings would be required. Thermospas' remedy at law is not

15   adequate to compensate Thermospas for the injuries already inflicted and further threatened by

16   Defendants. Therefore, Defendants should be restrained and enjoined as authorized by the

17   Lanham Act, including without limitation 15 U.S.C. § 1116.

18                              **PRAYER FOR RELIEF**

19       WHEREFORE, Thermospas seeks relief as follows:

20       1.    That, upon motion, the Court issue a preliminary injunction enjoining and

21   restraining Defendants, and each of them, and their respective agents, servants, employees,

22   successors and assigns, and all other persons acting in concert or conspiracy with Defendants or

23   affiliated with Defendants, from:

24            (a)    Copying, reproducing, advertising, offering for sale, distributing, or using

25   any goods or services in connection with any of Thermospas' trademarks or any other marks

26   confusingly similar thereto;

27            (b)    Using in any manner any of Thermospas' trademarks, any marks

28   confusingly similar thereto, or reproductions, counterfeits, copies, or colorable imitations thereof

1    in connection with any of Defendants' goods or services in such a manner that is likely to create

2    the erroneous belief that said goods or services are authorized by, sponsored by, licensed by, or

3    are in some way associated with Thermospas;

4              (c)    Otherwise infringing any of Thermospas' trademarks; and

5              (d)    Destroying, otherwise disposing of, or altering any products, materials,

6    technologies, services, devices, components, documents, or electronically stored data or files that

7    relate or pertain in any way to the:

8                     (i)    Use of Thermospas' trademarks, any marks confusingly similar

9    thereto, or reproductions, counterfeits, copies, or colorable imitations thereof on or in connection

10   with the advertisement, sale, or distribution of goods or services; or

11                    (ii)   Infringement of Thermospas' trademarks.

12   2.    That the Court issue a permanent injunction making permanent the orders

13   requested in paragraphs 1(a) through (c) of this Prayer For Relief;

14   3.    That Thermospas be awarded for Defendants' willful, intentional, and malicious

15   trademark infringement, false designations of origin, false descriptions, false advertising, and

16   unfair competition, as set forth in 15 U.S.C. § 1117(a), the profits obtained by Defendants and the

17   damages sustained by Thermospas by reason of Defendants' acts and omissions alleged herein,

18   and that such amounts be trebled pursuant to 15 U.S.C. § 1117(b);

19   4.    That the Court issue an order upon entry of judgment in this action requiring the

20   destruction, as set forth by the Lanham Act, 15 U.S.C. § 1118, of: (i) all labels, signs, prints,

21   packages, wrappers, receptacles, and advertisements in the possession of Defendants bearing any

22   of Thermospas' registered trademarks; (ii) any materials containing false designations of origin,

23   false descriptions, or misrepresentations of fact concerning any of Thermospas' Products or

24   Defendants' Products; (iii) any materials bearing any reproduction, counterfeit, copy, or colorable

25   imitation of Thermospas' registered trademarks; and (iv) all plates, molds, matrices, and other

26   means of making the same.

27   5.    That the Court issue an order requiring Defendants to serve on Thermospas, within

28   thirty (30) days after issuance of the injunction requested above, a report, in writing, under oath,

setting forth in detail the manner and form in which Defendants have complied with the injunction;

6.      That the Court award Thermospas its reasonable attorney fees pursuant to 15 U.S.C. § 1117(a);

7.      That the Court award Thermospas its costs of suit incurred herein; and

8.      That the Court grant such other and further relief as it deems just and proper.

Dated: December 16, 2015                DONAHUE FITZGERALD LLP


By:  /s/ Eric A. Handler
Eric A. Handler
Attorneys for Plaintiff
Thermospas Hot Tub Products, Inc.


## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. Pro. 38(b), Federal CRC 3-6, and L.R. 38-1, Plaintiff demands a jury trial.

Dated: December 16, 2015                DONAHUE FITZGERALD LLP


By:  /s/ Eric A. Handler
Eric A. Handler
Attorneys for Plaintiff
Thermospas Hot Tub Products Inc.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                CASE NO.

# EXHIBIT A



# United States of America

### United States Patent and Trademark Office

# THERMOSPAS

**Reg. No. 3,816,547**

**Registered July 13, 2010**

**Int. Cls.: 1, 3 and 11**

**TRADEMARK**

**PRINCIPAL REGISTER**

THERMOSPAS, INC. (CONNECTICUT CORPORATION)
155 EAST STREET
WALLINGFORD, CT 06492

FOR: WATER TREATMENT CHEMICALS FOR USE IN SPAS, TUBS AND POOLS, IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 12-31-1990; IN COMMERCE 12-31-1990.

FOR: CLEANING PREPARATIONS FOR SPAS, TUBS AND POOLS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 12-31-1995; IN COMMERCE 12-31-1995.

FOR: SPAS, SWIM SPAS AND EXERCISE SPAS, ALL IN THE NATURE OF HEATED POOLS; SPA FIXTURES, NAMELY, WATER JET FIXTURES; CONTROL SYSTEMS FOR SPAS, HOT TUBS, SWIM SPAS, EXERCISE SPAS, CONSISTING OF A WATER-RESISTANT USER-ACTIVATED CONTROL PANEL TO SIGNAL THE ACTIVATION AND DEACTIVATION OF A WATER PUMP AND/OR A WATER HEATER, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FIRST USE 12-31-1983; IN COMMERCE 12-31-1983.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-750,343, FILED 6-2-2009.

MIDGE BUTLER, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# EXHIBIT B

**From:** Hot Tub Discounts LLC <info@hottubdiscounts.com>
**Date:** October 1, 2015 at 2:14:45 PM EDT
**To:**
**Subject: ThermoSpas Chemicals at 30% to 50% off Every Day!**
**Reply-To:** info@hottubdiscounts.com

ThermoSpas chemicals have a brand new name and much better pricing
Spa Ease Chemicals are the exact same product at 30% to 50% less everyday!



**The Hot Tub Professionals**

**Order by Phone (860) 469-2580**
**Come See Us - 2 Toelles Rd, Suite 13, Wallingford, CT, 06492**

## ThermoSpas Chemicals have a new name SpaEase!



Spa Ease Chemicals are made right here in the
USA! They are formulated to exacting
standards with the highest concentration levels
available.



**To See Our Pricelist**

**SpaEase Chemicals are the same exact products you are already using and they are at 30% to 50% less every day, no need to wait for the next big sale!**

# Pleatco Filters
### Best Filters at the Best Prices
- We have filters for your hot tub!
- Over 100 different filters available
- Filters for all makes and models

ThermoSpas, Artesian, Hot Spring, Caldera, Jacuzzi, Sundance and Many More!



# Replacement Covers
### Prices Starting at $299
- Covers for any make and model.
- 16 Color Options
- Vacuum Sealed Cores
- Best Prices Anywhere!



Hot Tub Discounts LLC
(860)469-2580 | info@HotTubDiscounts.com
www.HotTubDiscounts.com
2 Toelles Road, Suite 13, Wallingford, CT, 06492

STAY CONNECTED:

